NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: BAC IP B.V.,**
*Appellant*

---

2024-2124

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/282,082.

---

Decided: August 5, 2025

---

STEPHEN G. WHITESIDE, Thermo Fisher Scientific, Frederick, MD, for appellant.

SHEHLA WYNNE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Coke Morgan Stewart. Also represented by AMY J. NELSON, PETER JOHN SAWERT.

---

Before LOURIE, PROST, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge.*

BAC IP B.V. ("BAC") appeals from a decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("the Board"). The Board affirmed an examiner's rejection of claims 77–83 and 85–94

of U.S. Patent Application 16/282,082 ("the '082 application") for failing to provide an adequate written description.[1]  *Ex parte Hermans* No. 2023-000567, 2024 WL 2207259 (P.T.A.B. May 15, 2024) ("*Decision*").  We *affirm*.

## BACKGROUND

The '082 application is directed to methods for purifying mammalian immunoglobulin ("IgG") antibodies by using an immunoadsorbent material comprised of a variable heavy-heavy ("VHH") antigen-binding protein.  '082 application at 4, ¶¶ 15–17, J.A. 22.  The VHH antigen-binding protein contains seven amino acid sequences: four framework regions ("FRs") and three complementary determining regions ("CDRs").  *See id.* at 4, ¶ 16, J.A. 22.  The application references specific amino acid sequences as "SEQ IDs." *E.g.*, *id.*

Independent claim 77 is representative for this appeal, and recites:

> A method for the purification of a molecule comprising an epitope present in the Fc domain of a human IgG antibody, the method comprising the steps of:
>
> > (a) bringing a sample comprising the molecule comprising the epitope present in the Fc domain of a human IgG antibody into contact with an immunoadsorbent material comprising a variable heavy-heavy (VHH) antigen-binding protein under conditions that allow for binding of the molecule to the immunoadsorbent material;

---

[1]    Claim 84 was objected to as being dependent on claims 77 and 83.  J.A. 470.  The examiner found that claim 84 would be allowable if rewritten or amended to overcome the written description objection.  *Id.*

(b) optionally, performing a washing step; and

(c) eluting the bound molecule comprising the epitope present in the Fc domain of a human IgG antibody under conditions that decrease the affinity between the molecule and the VHH antigen-binding protein,

> [(i)] *wherein the VHH antigen-binding protein has binding affinity for the Fc domain of the human IgG molecule but does not have binding activity for the Fc domain of a mouse, a bovine, a rat, a Syrian hamster, a guinea pig, a dog, a cat, a goat, or a sheep IgG molecule*, and
>
> [(ii)] *wherein the VHH antigen-binding protein comprises four framework regions, FR1 to FR4, and three complementarity determining regions, CDR1 to CDR3, that are operably linked in the order FR1-CDR1-FR2-CDR2-FR3-CDR3-FR4, wherein the CDR3 region comprises the amino acid sequence Arg Arg Phe Gly Ser Ser Glu Trp Asp Tyr (SEQ ID NO: 108).*

J.A. 448 (numbering and emphases added).

The examiner rejected claims 77–83 and 85–94 of the '082 application for failing to provide an adequate written description. J.A. 468–470. On appeal, the Board affirmed, and in doing so accepted the examiner's findings that: (1) the claims cover a large genus of VHH antigen-binding proteins, (2) the specification of the '082 application discloses only one VHH antigen-binding protein meeting each requirement of claim 77, and (3) the specification does not

disclose a structural feature shared by each member of the species of claim 77. *Decision* at *3–4.

BAC timely appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

BAC argues that the Board's determination that the '082 application lacks a sufficient written description was not supported by substantial evidence. We disagree.

Section 112(a) of the Patent Act states that a patent "specification shall contain a written description of the invention." 35 U.S.C. § 112(a). The written description inquiry asks whether the specification "relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). For genus claims, the written description requirement generally "requires the disclosure of either a representative number of species falling within the scope of the genus or structural features common to the members of the genus so that one of skill in the art can 'visualize or recognize' the members of the genus." *Id.* at 1350 (quoting *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1568 (Fed. Cir. 1997)). Adequacy of written description is a "question of fact, reviewed for substantial evidence." *Gen. Hosp. Corp. v. Sienna Biopharmaceuticals, Inc.*, 888 F.3d 1368, 1371 (Fed. Cir. 2018).

As noted, the Board's determination that the '082 application lacks an adequate written description was based upon three findings made by the examiner. The Board first accepted the examiner's finding that "the claims embrace a broad genus of proteins that can be used to create the immunoadsorbent material." *Decision* at *3; *see* J.A. 469 (examiner finding that "[t]he genus of the antigen binding protein [is] . . . extremely large"). That finding is based on

the correct claim construction, consistent with the text of claim 77 and the specification of the '082 application, and supported by substantial evidence. Although limitation (c)(ii) of claim 77 states that the CDR3 region comprises the specific "amino acid sequence Arg Arg Phe Gly Ser Ser Glu Trp Asp Tyr (SEQ ID NO: 108)," J.A. 448, claim 77 does not provide any comparable structural limitations for the other two CDR regions. *See id.* And while the specification discloses 49 different amino acid sequences that can constitute each of the CDR1 and CDR2 regions, *see* '082 application at 26–27, J.A. 44–45 (Table 5), it nowhere states that those amino acid sequences constitute the entirety of the CDR1 or CDR2 amino acid sequences with the claimed functional requirements that fall within claim 77. Thus, the claims and specification place effectively no constraints on the amino acid sequences that can constitute the CDR1 and CDR2 regions, and therefore the claimed VHH antigen-binding proteins. The Board's conclusion that the claimed genus is broad is therefore supported by substantial evidence.

BAC argues that the Board's determination that the claimed genus is broad was erroneous for two reasons. First, BAC argues that because the specification lists only 15 VHH antigen-binding proteins with the claimed functional characteristics, only one of which has the claimed amino acid listed in limitation (c)(ii), the genus of the claimed VHH antigen-binding proteins is "quite limited in size." Open. Br. at 17; *see also id.* at 9 (asserting that the genus of VHH antigen-binding proteins falling within the scope of claim 77 is "likely fairly small").

This argument is unpersuasive because BAC improperly focuses on the VHH antigen-binding proteins listed in the specification of the '082 application. The written description requirement concerns whether the specification conveys to a person of ordinary skill in the art that the inventor had possession of the "invention," 35 U.S.C. § 112(a), *Ariad,* 598 F.3d at 1351, which is

defined by the proposed *claims*. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("It is a bedrock principle of patent law that the claims of a patent define the invention.") (cleaned up). As discussed above, claim 77 is not limited to the VHH antigen-binding proteins listed in the specification.

Second, BAC suggests that because the specification describes "how to identify VHH antigen-binding proteins" with the claimed functional and structural characteristics, the Board's finding that claim 77 encompasses a broad genus was not supported by substantial evidence. Reply Br. at 6; *see generally* Resp. Br at 14.

We again are not persuaded. The fact that the specification conveys to a person of ordinary skill in the art how to identify the claimed invention does not change the fact that the broad claim is supported by only one disclosed VHH antigen-binding protein, which is insufficient to meet the written description requirement.

In view of the foregoing and because BAC does not challenge the Board's findings that the '082 application discloses only one VHH antigen-binding protein that meets each of the limitations claim of 77, and that the '082 application does not disclose a common structural feature for the claimed VHH antigen-binding proteins, we affirm the Board's determination that the '082 application lacks written description support.

### CONCLUSION

We have considered BAC's other arguments and find them unpersuasive. For the reasons provided, we *affirm*.

**AFFIRMED**